UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RUSSELL CHARLES TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-03515-TWP-MPB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY ADDRESSING WAIVER OF COLLATERAL REVIEW,
GRANTING LEAVE TO SUPPLEMENT ANSWER,
AND DIRECTING FURTHER PROCEEDINGS**

Petitioner Russell Charles Taylor has asserted two arguments why his sentence should be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255, both of which concern the effectiveness of the counsel he received before pleading guilty. First, Mr. Taylor argues that his attorney failed to pursue a meritorious motion to suppress a substantial amount of the evidence against him. Second, he argues that his attorney failed to adequately investigate some of his charges and advise him as to available and meritorious defenses before he pled guilty. These arguments are developed over the space of 25 pages in the brief supporting Mr. Taylor's motion. *See* dkt. [2].

The United States' Response, dkt. [11], to Mr. Taylor's motion does not address the question of whether ineffective assistance by trial counsel entitles Mr. Taylor to relief under Section 2255. Instead, the government asserts that, because he pleaded guilty—and, specifically, because he entered a plea agreement waiving his right to collaterally attack his conviction or sentence—Mr. Taylor waived any opportunity to pursue relief under Section 2255. The

government also argues that Mr. Taylor's claims are procedurally defaulted because he failed to raise them on direct appeal.

As an initial matter, the Court notes that Mr. Taylor's plea agreement specifically states: "As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel." *See* dkt. 28 at 18. Moreover, settled law in this Circuit directly contradicts the arguments advanced in the government's brief. The Seventh Circuit has held that an ineffective assistance claim may be raised for the first time on collateral review. *See Ramirez v. United States*, 799 F.3d 845, 852–853 (7th Cir. 2015) (discussing *Massaro v. United States*, 538 U.S. 500 (2003)). The Seventh Circuit has also held that even a criminal defendant who enters a plea bargain waiving the right to collateral attack is not barred from seeking relief under Section 2255 on the basis that his guilty plea resulted from ineffective assistance. *See Hurlow v. United States*, 726 F.3d 958 (7th Cir. 2013). Indeed, *Hurlow* specifically held that a plea agreement waiving collateral review did not bar the petitioner's argument that his guilty plea resulted from ineffective assistance of counsel based on failure to pursue a potentially meritorious suppression motion—the central argument in Mr. Taylor's petition. *Id.*

As such, the Court cannot find that Mr. Taylor's motion is barred by waiver or procedural default, and it must proceed to review his substantive arguments. The Court finds that briefing from the United States would assist the Court in assessing those arguments.

Therefore, the Court grants the United States **through June 1, 2018**, in which to supplement its answer to Mr. Taylor § 2255 motion. Any supplement must respond to Mr. Taylor's substantive arguments that his guilty plea resulted from ineffective assistance based on his trial counsel's failure to challenge the admissibility of critical evidence and to investigate all the charges

against Mr. Taylor and inform him of possible defenses. Mr. Taylor shall have **30 days** after service of the government's supplement in which to reply.

**IT IS SO ORDERED.**

Date: 4/2/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
steve.debrota@usdoj.gov

Jeremy Brian Gordon
Law Office of Jeremy Gordon
jeremy@gordondefense.com

Zachary Lee Newland
JEREMY GORDON, PLLC
zach@gordondefense.com