UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUSSELL CHARLES TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:16-cv-03515-TWP-MPB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITIONER'S MOTION TO RECONSIDER**

On April 2, 2018, the Court issued an order granting the United States time to supplement its response to Petitioner Russell Charles Taylor's motion for relief under 28 U.S.C. § 2255. The United States' response asserted only that Mr. Taylor's claims for relief were barred by waiver or procedural default, but these arguments were contrary to the settled law of this Circuit. Finding that additional briefing would assist the Court in assessing the merits of Mr. Taylor's § 2255 motion, the Court granted the United States through June 1, 2018, to supplement its response and Mr. Taylor 30 days thereafter to file a reply.

Mr. Taylor has moved that the Court reconsider its April 2 order, arguing that the Court's *sua sponte* order prejudices Mr. Taylor and establishes dangerous precedents for § 2255 proceedings. Mr. Taylor asks the Court to vacate its order allowing supplemental briefing and set this matter for an evidentiary hearing on the merits of his § 2255 motion.

The United States has not responded to the motion.

"'Motions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90

F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). Mr. Taylor's motion does not satisfy either standard.

A District Court has discretion to order supplemental briefing in order to better understand a legal issue and advance the proceedings.[1] Practicalities make supplemental briefing beneficial in this proceeding. Indeed, Mr. Taylor does not ask the Court to enter judgment in his favor as a consequence of the United States' incomplete response. Rather, he asks the Court to move to an evidentiary hearing on the merits of his § 2255 motion. And, in the Court's estimation, the current level of briefing on the legal issues present in this case do not allow the Court or the parties to proceed efficiently to a productive evidentiary hearing. Additionally, whereas Mr. Taylor will have an opportunity to reply to any issues raised in the United States' supplemental brief, the Court finds that any prejudice to Mr. Taylor will be minimal.

Therefore, Mr. Taylor's motion to reconsider, dkt. [16], is **denied**. The United States shall continue to have **through June 1, 2018**, to supplement its response as permitted by the Court's April 2 order.

With this said, Mr. Taylor has raised several well-reasoned concerns in his motion to reconsider, and the Court wishes to address two of them here.

First, the Court acknowledges that an answer to a § 2255 motion "must address the allegations in the motion." Rule 5(b) of the Rules Governing § 2255 Proceedings for the U.S.

---

[1] *See, e.g.*, *Mirfasihi v. Fleet Mortg.*, 450 F.3d 745, 751 (7th Cir. 2006) ("the district court may use its discretion in requesting additional briefing . . . to obtain greater information and analyses"); *King v. Marion Circuit Court*, No. 1:14-cv-01092-JMS-MJD, 2016 WL 4746890, at *3 (S.D. Ind. Sept. 13, 2016), *rev'd on other grounds*, 868 F.3d 589 (7th Cir. 2017) ("At the conclusion of the bench trial, the Court ordered the parties to file supplemental briefs that provided legal authority with respect to the time period for which compensatory damages are recoverable."); *Novelty, Inc. v. Mountain View Marketing*, No. 1:07-cv-1229-SEB-JMS, 2010 WL 1490416, at *3 (S. D. Ind. Apr. 12, 2010) ("We believe that supplemental briefing on the Motion for Sanctions is now in order . . . ."); *Robinson v. Turner*, 886 F.3d 1460, 1461 (S.D. Ind. 1995) ("After reconsideration of the briefs and exhibits submitted by the parties, the court requested supplemental briefing . . . .").

2

District Courts. Litigants should not view the Court's order permitting supplemental briefing as approving a lower standard for briefing in § 2255 actions or presume that leave to supplement will be granted in future cases.

Second, Mr. Taylor expresses concern that this decision will lead to a practice of bifurcated briefing in § 2255 proceedings—first resolving questions related to waiver and procedural default and then proceeding to the merits. *See* dkt. 16 at ¶ 10. Litigants should not view this order as establishing such a practice. An answer to a § 2255 motion "must address the allegations in the motion" according to Rule 5(b) and should cover all relevant legal issues on the merits of the action unless the Court's show-cause order includes instructions to the contrary.

**IT IS SO ORDERED.**

Date: 4/25/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
steve.debrota@usdoj.gov

Jeremy Brian Gordon
Law Office of Jeremy Gordon
jeremy@gordondefense.com

Zachary Lee Newland
JEREMY GORDON, PLLC
zach@gordondefense.com